# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HERNANDEZ,<br>　　　　　　Petitioner,<br>　vs.<br>MATTHEW CATE, Warden,<br>　　　　　　Respondent. | CASE NO. 10cv2360-WQH-BLM<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the review of the Report and Recommendation (ECF No. 10) issued by United States Magistrate Judge Barbara L. Major, recommending that the Petition for Writ of Habeas Corpus (ECF No. 1) be denied.

**I.    Background**

On July 24, 2008, a state court jury found Petitioner guilty of Sodomy by Use of Force and Forcible Rape, and as to both counts, found true the special allegations that he: (1) committed the crimes during the commission of a burglary with the intent to commit a sex crime; (2) personally used a dangerous and deadly weapon; and (3) used a deadly weapon. Lodgment No. 1 at 68-71. The trial court sentenced Petitioner to 50 years to life, plus a consecutive 8-year term. *Id*. at 101.

On December 17, 2009, the California Court of Appeal affirmed the judgment of the trial court in a written decision. Lodgment No. 10; *see also People v. Hernandez*, 180 Cal. App. 4th 337 (2009).

On March 30, 2010, the California Supreme Court denied the petition for review without citation to authority. Lodgment No. 12.

1  On November 15, 2010, Petitioner, proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court. (ECF No. 1). Petitioner raises two grounds for relief in his Petition. First, Petitioner contends that the trial court violated his due process rights under the Fifth and Fourteenth Amendments as well as his right to present a defense, as guaranteed by the Sixth Amendment, by failing to instruct the jury that the reasonable, but mistaken, belief that the victim has consented is a defense to forcible rape and forcible sodomy. Second, Petitioner contends that his Sixth Amendment rights were violated because he was not given notice of the exact charges against him. The charges against him triggered California's One Strike sentencing law, which required a showing that Petitioner committed burglary with the specific intent to commit one of the sexual offenses enumerated under California Penal Code § 667.61(c). Petitioner contends that, because some jurors could have convicted him under the belief that he committed the burglary with the specific intent to rape the victim while others could have believed that he harbored the specific intent to sodomize the victim, Petitioner was denied his right to a unanimous jury verdict, and his Sixth Amendment rights recognized in *Apprendi v. New Jersey*, 530 U.S. 66 (2000) and *Cunningham v. California*, 549 U.S. 270 (2007).

On February 18, 2011, Respondent filed an Answer. (ECF No. 9).

The docket reflects that Petitioner did not file a traverse.

On May 6, 2011, the Magistrate Judge issued the Report and Recommendation. (ECF No. 10). The Report and Recommendation recommends that judgment be entered denying the Petition. The Report and Recommendation states that "no later than **May 27, 2011**, any party to this action may file written objections with the Court." *Id.* at 22 (emphasis in original).

On June 10, 2011, Petitioner filed a Motion for Leave to File Delayed Objections. (ECF No. 11).

On June 21, 2011, the Court granted the Motion for Leave to File Delayed Objections, and ordered that any objections to the Report and Recommendation must be filed no later than July 20, 2011. (ECF No. 12).

The docket reflects that no objections to the Report and Recommendation have been

1  filed.

2  **II.     Review of the Report and Recommendation**

3  The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1).  When a party objects to a report and recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made."  28 U.S.C. § 636(b)(1).  When no objections are filed, the district court need not review the report and recommendation de novo.  *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).  A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1).

Neither party objected to the Report and Recommendation, and the Court has reviewed the Report and Recommendation in its entirety.  The Court concludes that the Magistrate Judge correctly found that Petitioner's first claim must be denied because Petitioner failed to identify specific facts entitling him to a consent instruction and Petitioner otherwise failed to show that the state court decision was contrary to established United States Supreme Court precedent. *See* Report & Recommendation at 8-13, ECF No. 10; *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Mathews v. United States*, 485 U.S. 58, 63 (1988).  The Court concludes that the Magistrate Judge correctly found that Petitioner's second claim must be denied because Petitioner failed to show that the state court decision was contrary to established United States Supreme Court precedent.  *See* Report & Recommendation at 13-22, ECF No. 10; *see also Schad v. Arizona*, 501 U.S. 624, 631-45 (1991); *Hernandez*, 180 Cal. App. 4th at 346-49.  The Court adopts the Report and Recommendation in its entirety.

**III.    Certificate of Appealability**

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability should be issued only where the petition presents

1  "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "[A]
2  [certificate of appealability] should issue when the prisoner shows ... that jurists of reason
3  would find it debatable whether the petition states a valid claim of the denial of a constitutional
4  right and that jurists of reason would find it debatable whether the district court was correct
5  in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

6  The Court concludes that jurists of reason would find it debatable whether this Court
7  was correct in denying each of the two claims in the Petition. The Court grants a certificate
8  of appealability as to each claim in the Petition.

9  **IV.    Conclusion**

10  IT IS HEREBY ORDERED that the Court ADOPTS the Report and Recommendation
11  in its entirety. (ECF No. 10). The Petition for Writ of Habeas Corpus is DENIED. (ECF No.
12  1). A certificate of appealability is GRANTED. The Clerk of the Court shall enter judgment
13  in favor of Respondent and close this case.

14  DATED:  August 19, 2011

15
16              **WILLIAM Q. HAYES**
                United States District Judge